United States District Court
Southern District of Texas

**ENTERED**
May 31, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JASMA McCULLOUGH | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-17-83 |
| | § | |
| TEXAS DEPARTMENT OF FAMILY | § | |
| AND PROTECTIVE SERVICES, | § | |
| SHAYLONDA HERRON, SONYA WHITE, | § | |
| DEIRDRA FORD, HERBERT CANADA, | § | |
| and FREDERICK JONES, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court are the following motions: Defendants' Motion to Dismiss (Doc. 26); Plaintiff's Motion to Dismiss (Doc. 28); Plaintiff's Motion to Strike Untimely Motion to Dismiss (Doc. 33); Plaintiff's Motions to Remove the Texas Attorney General (Docs. 36 and 38).  It is **RECOMMENDED** that the motions be **GRANTED IN PART and DENIED IN PART** for the reasons stated below.

### I.  Procedural Background

This action was filed on January 6, 2017, against the Texas Department of Family and Protective Services ("TDFPS"), and several of its employees - Shaylonda Herron, Sonya White, Deirdra Ford, Herbert Canada, and Frederick Jones (collectively, "individual defendants").[1]  In the petition, Plaintiff complained that the defendants caused her children to be taken from her and placed in foster care without due process, in violation of established TDFPS

---

[1]     See Doc. 1, Pl.'s Orig. Pet. p. 1

procedures, and based on false information.[2]   She seeks $8,000,000 in damages for time lost with her children.[3]

Plaintiff personally served the individual defendants in mid-January 2017 and TDFPS in mid-February 2017.[4]   On February 8, 2017, the individual defendants filed a motion seeking an order compelling a Rule 7(a) reply from Plaintiff on the ground that as employees of TDFPS, they were entitled to invoke the affirmative defenses of Eleventh Amendment immunity, qualified immunity, and official immunity and argued that Plaintiff's petition factually deficient.[5]   In response, Plaintiff challenged the individual defendants' ability to claim qualified immunity and argued that their request for a Rule 7(a) reply was without merit.[6]

On February 14, 2017, Plaintiff filed an amended petition which made the same allegations but added two additional defendants in the caption, Kristina Day ("Day") and Jennifer Lombardi ("Lombardi").[7]   Neither Day nor Lombardi was mentioned in the body of the petition, and it appears that neither has been served with

---

[2]    Id. pp. 4-14.

[3]    Id. p. 14.

[4]    See Docs. 6-10, 17, Rets. of Service.

[5]    See Doc. 12, Defs.' Mot. for Rule 7(a) Reply pp. 2-4.

[6]    See Doc. 14, Pl.'s Mot. for More Def. Statement pp. 1-2.

[7]    See Doc. 13, Pl.'s Am. Pet. p. 1.

process of this suit.[8]

On February 28, 2017, Plaintiff filed an amended motion for
more definite statement, again challenging Defendants' ability to
move the court for a Rule 7(a) reply.[9]   In the motion, she
explained that she was suing only TDFPS for monetary relief and
named the individual defendants in order to question them as
representatives of TDFPS.[10]

On March 20, 2017, March 30, 2017, April 13, 2017 and April
27, 2017, Plaintiff filed amended petitions.[11]   In the fourth and
fifth amended petitions, Plaintiff added Harris County Protective
Services to the caption, dropped TDFPS from the caption, and
specified that the individual defendants were sued in their
individual, not official, capacities.[12] Defendants Day and Lombardi
were dropped from the fourth and fifth amended petitions.

On March 24, 2017, the court held a hearing on the pending
motions.[13]   The court denied Defendants' motion for a Rule 7(a)
reply and instructed the defendants to file a motion to dismiss by

---

[8]    See Docs. 18, 19, Rets. of Service.  Although additional summonses
were issued by the court for mail service, the docket sheet does not reflect
service by mail on either Day or Lombardi.

[9]    See Doc. 16, Pl.'s Am. Mot. for More Def. State.

[10]   Id. p. 2.

[11]   See Doc. 23, Pl.'s 2nd Am. Compl.; Doc. 25, Pl.'s 3rd Am. Compl.; Doc.
27, Pl.'s 4th Am. Compl.; and Doc. 30, Pl.'s 5th Am. Compl.

[12]   See Doc. 30, Pl.'s 5th Am. Compl. p. 1.

[13]   See Doc. 24, Minute Entry Dated Mar. 24, 2017.

April 6, 2017.[14]  The court also denied Plaintiff's motions for more definite statement.[15]

On April 6, 2017, the individual defendants filed a motion to dismiss in which they asserted that: (1) Plaintiff lacked standing to bring claims against TDFPS or its employees in both their official and individual capacities; (2) Plaintiff failed to make any factual allegations against four of the five individual defendants, Ford, White, Canada and Jones; (3) Plaintiff's state law claims were barred as a matter of law; (4) Plaintiff's allegations of perjury were not actionable as a matter of law; and (5) the Rooker-Feldman doctrine barred Plaintiff from collaterally attacking a state court judgment.[16]

On May 8, 2017, Plaintiff filed a motion to strike Defendants' motion to dismiss as untimely,[17] and, on May 22, 2017, Plaintiff filed motions to remove the Texas Attorney General from this suit on the ground that Harris County Child Protective Services and the individual defendants should not be represented by the Texas Attorney General.[18]  The court considers the motions.

## II.  Parties to the Suit

---

[14]    Id.

[15]    Id.

[16]    See Doc. 26, Defs.' Mot. to Dismiss p. 3.

[17]    See Doc. 33, Pl.'s Mot. to Strike Mot. to Dismiss.

[18]    See Doc. 36, Pl.'s Mot. to Remove Tex. Att'y Gen.; Doc. 38, Pl.'s Mot. to Remove Tex. Att'y Gen.

In various communications with the court, Plaintiff has made it clear that she no longer intends to sue TDFPS,[19] Lombardi or Day.[20]

Federal Rule of Civil Procedure ("Rule") 41(a)(1) allows a plaintiff to dismiss an action without a court order before the opposing party serves either an answer or a motion for summary judgment. As neither Lombardi nor Day have served answers or motions for summary judgment, Plaintiff's April 13, 2017 letter to the court is sufficient notice of her intent to non-suit her claims against those two defendants. Lombardi and Day are no longer parties to this suit.

The TDFPS filed an answer on March 14, 2017, thus Plaintiff may not dismiss claims filed against TDFPS in the absence of a court order. See F. R. Civ. P. 41(a)(1). Pursuant to Rule 41(a)(2), when a plaintiff wishes to dismiss an action and the defendant has served an answer, the action may be dismissed "only by court order, on terms the court considers proper." See F. R. Civ. P. 41(a)(2). In the present case, no discovery has been taken, and the court considers a dismissal without prejudice to be appropriate in this case.

---

[19]    See Doc. 27,  Pl.'s 4th Am. Compl. (dropping DFPS as a named Defendant); Doc. 35, Pl.'s Reply to Defs.' Resp. to Pl.'s Mot. to Strike p. 3 ("DFPS is no longer named a defendant in my case as of 4/13/2017.").

[20]    See Doc. 28, Letter Dated Apr. 13, 2017 from Plaintiff in which she stated, "I Jasma McCullough (plaintiff) would like to request that the court remove Kristina Day and Jennifer Lombardi As Defendants in this case 417cv83."

It is recommended that TDFPS be dismissed without prejudice.

### III.  Individual Defendants' Motion to Dismiss

### A.  Dismissal Standard

Federal Rule of Civil Procedure ("Rule") 12(b)(6) allows dismissal of an action whenever the complaint, on its face, fails to state a claim upon which relief can be granted.  When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts.  Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 803 n.44 (5th Cir. 2011)(quoting True v. Robles, 571 F.3d 412, 417 (5th Cir. 2009)).

A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. 678.  A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S. at 555.  In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. 678.  "Dismissal is proper

if the complaint lacks an allegation regarding a required element necessary to obtain relief."   Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995)(citation omitted).

**B.   Is the Motion Timely?**

Plaintiff complains that the individual defendants' motion to dismiss is untimely and should be stricken as frivolous.[21] Plaintiff also argues that the motion to dismiss was improperly filed because Defendants had already answered the suit.[22]

As Plaintiff correctly points out, the individual defendants were required to answer or otherwise file a responsive pleading within twenty-one days of service of process.  See Fed. R. Civ. P. 12(a)(1)(A).  In lieu of filing an answer within that time frame, they could have asserted certain defenses by motion, as permitted by Rule 12(b).  Instead, within the responsive-pleading period, the individual defendants chose to file a motion for a Rule 7(a) reply, which is not a responsive pleading.  This motion was denied on March 24, 2017, and the court imposed a deadline of April 6, 2017, for the filing of a motion to dismiss raising those defenses.  As anticipated, the motion to dismiss raised similar defenses to those discussed in the individual defendants' motion for a Rule 7(a) reply.

---

[21]    See Doc. 33, Pl.'s Mot. to Strike, p. 3.

[22]    Id. p. 4.  Contrary to Plaintiff's assertion, the individual defendants have not filed an answer; the only answer filed was by TDFPS.  See Doc. 22, Answer of TDFPS.

Although Plaintiff urges the court to deny the motion to dismiss as untimely, the court finds that such a ruling would only delay the prompt consideration of key issues that would have to be resolved at some point in the litigation, whether raised in a Rule 12(b) motion, a Rule 12(c) motion, or a Rule 56 motion. Judicial economy favors the early consideration of these legal issues. Accordingly, Plaintiff's motion to strike the individual defendants' motion to dismiss as untimely is **DENIED**.

## C.  Analysis

In the present motion, the individual defendants seek dismissal of this action on several grounds, including official immunity, failure to state a claim upon which relief can be granted, Plaintiff's lack of standing, and the <u>Rooker-Feldman</u> doctrine.  The court begins and ends with the <u>Rooker-Feldman</u> doctrine.

Under the <u>Rooker-Feldman</u> doctrine, an individual may not file a civil rights suit in federal court to collaterally attack a state civil judgment.  See <u>Liedtke v. State Bar of Texas</u>, 18 F.3d 315, 317 (5th Cir. 1994) (citing <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923); <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983)).  The <u>Rooker-Feldman</u> doctrine establishes that a federal court lacks subject matter when issues in federal court are "inextricably intertwined" with a final state court judgment. <u>Davis v. Bayless</u>, 70 F.3d 367, 375 (5th Cir. 1995).  The Supreme Court has

cautioned that the doctrine is to be narrowly confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

Here, Plaintiff's federal constitutional claims arise from the state court's orders removing the children from Plaintiff's custody and the judgment entered in the custody proceeding. In essence, Plaintiff charges that the individual defendants mismanaged the investigation into whether her children were subjected to an abusive, neglectful or dangerous living arrangement while in her custody, lied to the court about their investigation, improperly demanded that she take a drug test during the investigation, and denied her a fair hearing before the state court by giving false testimony.

Even if true, because Plaintiff seeks damages for time lost with her children, those actions are "inextricably intertwined" with the state court's orders and judgment, and the court is "in essence being called upon to review the state-court decision." United States v. Shepard, 23 F.3d 923, 924 (5th Cir. 1994). Any review of a state court decision must be left to the appropriate state appellate court. Liedtke, 18 F.3d at 317.

The Rooker-Feldman doctrine therefore divests this court of subject-matter jurisdiction to hear Plaintiff's claims that stem from the state court's decision to temporarily place her children

9

in state custody.   Accordingly, Plaintiffs' claims against the individual defendants must be dismissed.

**D.   Harris County Protective Services**

On April 13 and 27, 2017, Plaintiff named the Harris County Protective Services as a defendant in the caption of her fourth and fifth amended petitions.[23]   The fourth amended petition made no factual allegations against Harris County Protective Services, but continued to allege that the TDFPS and its employees violated Plaintiff's constitutional rights.[24]  In the live petition Plaintiff alleged the following in reference to Harris County Protective Services:

> Furthermore DFPS employees are under the Harris County Protective Services umbrella[.] HCPS has a contract with DFPS to purchase services and goods[.] HCPS is an advocacy agency where meeting, visitations and DFPS employees [are] [h]oused at HCPS Cooperate [sic] Office[.] [F]urthermore Employees are housed under Harris [C]ounty [.] Harris County Vince Ryan office petitioned the court to remove the children not AG or DFPS[.][sic] [I]nternal Vince Ryan office is also HCPS lawyer."[sic][25]

In her most recent communication with the court, Plaintiff explained that she intended to sue Harris County Protective Services, not TDFPS.[26]  Harris County Protective Services has not been served with process.

---

[23]    See Doc. 27, Pl.'s 4th Am. Pet. p. 1; Doc. 30, Pl.'s 5th Am. Pet. p. 1.

[24]    See Doc. 27, Pl.'s 4th Am. Pet. pp. 1-25.

[25]    See Doc. 30, Pl.'s 5th Am. Pet. p. 11-12.

[26]    See Doc. 37, Email from Pl. Dated May 23, 2017.

After reviewing Plaintiff's fifth amended petition, the court concludes that Plaintiff's claims against Harris County Protective Service would also be barred by the Rooker-Feldman doctrine as they arise from the county's prosecution of the child custody dispute involving Plaintiff's children.  The court therefore, sua sponte, recommends that the claims against Harris County Protective Services be dismissed.

### IV.   Texas Attorney General

Plaintiff moves to prevent the Texas Attorney General from representing the individual defendants because they are sued in their individual capacities and also challenges the Attorney General's ability to represent Harris County Protective Services.

To be clear, Harris County Protective Services has not been served, and the Attorney General has not entered an appearance on behalf of that entity.  The court finds Plaintiff's argument on this issue to be without merit.

The Texas Attorney General is representing the individual defendants and may do so as the allegations stem from actions taken by them in the course of their employment with the State of Texas. See Tex. Civ. Prac. & Rem. Code Ann. §§ 104.002, 104.004.  Section 104.004(a) states, "The attorney general shall defend a public servant or estate listed in Section 104.001 in a cause of action covered by this chapter."  Section 104.001(1) expressly includes state employees within its ambit.  Section 104.002 authorizes the

11

Attorney General to represent the State of Texas in causes of action that "arise out of a cause of action for deprivation of a right, privilege or immunity secured by the constitution or laws of this state or the United States . . . ."

Based on the statutory authorization cited above, the Attorney General may represent the individual defendants as they have been sued for actions taken in the performance of their duties and the claims allege deprivations of rights secured by the United States Constitution.  Plaintiff's motion to prevent the Texas Attorney General from representing either TDFPS or its employees is **DENIED.**

## V.  Conclusion

In light of the foregoing, it is **RECOMMENDED** that Individual Defendants' Motion to Dismiss (Doc. 26) and Plaintiff's Motion to Dismiss Defendants Day and Lombardi (Doc. 28) be **GRANTED.** Plaintiff's Motion to Strike Untimely Motion to Dismiss (Doc. 33) is **DENIED;** Plaintiff's Motions to Remove the Texas Attorney General (Docs. 36 and 38) are **DENIED.**  If this recommendation is adopted, this suit should be dismissed for lack of subject matter jurisdiction.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time

period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 31<u>st</u> day of May, 2017.

_____
U.S. MAGISTRATE JUDGE